IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SADAKA T. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV. ACT. NO. 2:14cv1001-MHT-TFM |
| | ) |
| WILLIAM ROEBUCK, *et al.*, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On January 4, 2011, Plaintiff Sadaka T. Davis ("Davis") filed this action *pro se* against William Roebuck ("Roebuck") and Title Max and Pawn of Clanton #1 ("Title Max"). Davis asserts claims related to the repossession of a vehicle on his property. In addition, he challenges his subsequent arrest and confinement. Davis seeks $30,000 in damages. On October 9, 2014, this court ordered Davis to show cause why this case should not be dismissed for lack of jurisdiction. (Doc. No. 5). On October 17, 2014, Davis filed a Response. (Doc. No. 7). Upon consideration of the Complaint and Response, the court concludes that this case should be dismissed.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, federal courts only have the power to hear cases as authorized by the Constitution or the laws of the United States, *see Kokkonen*, 511 U.S. at 377, and are required to inquire into their jurisdiction at the earliest possible point in the proceeding. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Every federal court

operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990).

FED R. CIV. P. 12(h)(3) requires that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based. This obligation on the court to examine its own jurisdiction continues at each stage of the proceedings, even if no party raises the jurisdictional issues and both parties are prepared to concede it. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990). "It is axiomatic that a district court may inquire into the basis of its subject matter jurisdiction at any stage of the proceedings." *See* 13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure 3522 (1975).

Davis has sued the defendants under 42 U.S.C. § 1983. No substantive rights are created by § 1983; it merely provides a remedy for deprivations of federal rights created elsewhere. *Wideman v. Shallowford Cmty Hosp., Inc.*, 826 F.2d 1030 (11th Cir. 1987). To be successful on § 1983 claim, a plaintiff must establish that he suffered a deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States and that the act or omission causing the deprivation was committed by a person acting under color of state law. *Id.* "[I]n any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) *whether the conduct complained of was committed by a person acting under color of state law*; and (2) whether this conduct

2

deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527 (1981) (emphasis added).

An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. Univ. Health Serv.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert "*both* an alleged constitutional deprivation . . . *and* that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *Am. Mfrs. Mut. Ins. Co.*, 526 U.S. at 50 (emphasis in original). *See also Lowe v. Aldridge*, 958 F.2d 1565, 1572 (11th Cir. 1992). A private citizen does not transform himself into a state actor simply by calling the police, filing a police report, or participating in court proceedings. *See Williams v. Town of White Hall, Ala.*, 450 F.Supp.2d 1300, 1308 (M.D. Ala. 2006) (holding that private businesses do not transform themselves into state actors by calling the police); *Woods v. Valentino*, 511 F.Supp.2d 1263, 1274 n. 19 (M.D. Fla. 2007) (noting that simply filing police reports and/or seeking an injunction through the court system does not automatically turn a private citizen into a state actor). It is clear that the alleged actions of the defendants do not qualify as actions committed by a person acting under color of state law. Davis' claims against these defendants are frivolous as they are "based on indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Consequently, these claims are due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

A review of the complaint demonstrates that the plaintiff does not assert any viable

federal or constitutional claims. Thus, the court does not have federal question jurisdiction over this matter. *See* 28 U.S.C. § 1331.

A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met. *Id.* To satisfy diversity, not only must a plaintiff be a citizen of a state other than the state of which one defendant is a citizen, but also, under the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). Davis does not dispute that all of the parties in this case are citizens of the State of Alabama. In addition, Davis pled a specific amount of damages – $30,000. Thus, from the face of the complaint, the amount in controversy does not exceed $75,000. "The amount stated in the complaint is itself dispositive of jurisdiction unless it appears or is in some way shown that the amount is not claimed in good faith." *Dassinger v. South Cent. Bell Tel. Co.*, 505 F.2d 672, 673-74 (5th Cir. 1974). Therefore, there is no basis for diversity jurisdiction. *See* 28 U.S.C. § 1332.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and FED R. CIV. P. 12(h)(3) prior to service of process.

It is further

ORDERED that the parties are DIRECTED to file any objections to the on or before November 20, 2014.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 5th day of November, 2014.

      /s/Terry F. Moorer  
TERRY F. MOORER  
UNITED STATES MAGISTRATE JUDGE